## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| SUSAN PASKOWITZ, Individually and On Behalf of All Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) Case No. _____ ) |
| v. | ) JURY TRIAL DEMANDED ) |
| DYNEGY INC., PAT WOOD, III, ROBERT C. FLEXON, HILARY E. ACKERMANN, PAUL M. BARBAS, RICHARD KUERSTEINER, JEFFREY S. STEIN, JOHN R. SULT, and VISTRA ENERGY CORP., | ) CLASS ACTION ) ) ) ) ) ) |
| Defendants. | ) |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by her undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to herself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on October 30, 2017 (the "Proposed Transaction"), pursuant to which Dynegy Inc. ("Dynegy" or the "Company") will be acquired by Vistra Energy Corp. ("Vistra Energy").

2. On October 29, 2017, Dynegy's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Vistra Energy. Pursuant to the terms of the Merger Agreement, shareholders of Dynegy will receive 0.652 shares of Vistra Energy common stock for each share of Dynegy stock they own.

3. On December 13, 2017, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Dynegy common stock.

9. Defendant Dynegy is a Delaware corporation and maintains its principal executive offices at 601 Travis, Suite 1400, Houston, Texas 77002. Dynegy's common stock is traded on the NYSE under the ticker symbol "DYN." Dynegy is a party to the Merger

Agreement.

10. Defendant Pat Wood, III ("Wood") serves as Chairman of the Board of Dynegy and has been a director of the Company since 2012.

11. Defendant Robert C. Flexon ("Flexon") has served as a director, President, and Chief Executive Officer ("CEO") of Dynegy since 2011.

12. Defendant Hilary E. Ackermann ("Ackermann") has served as a director of Dynegy since 2012.

13. Defendant Paul M. Barbas ("Barbas") has served as a director of Dynegy since 2012.

14. Defendant Richard Kuersteiner ("Kuersteiner") has served as a director of Dynegy since 2012.

15. Defendant Jeffrey S. Stein ("Stein") has served as a director of Dynegy since 2012.

16. Defendant John R. Sult ("Sult") has served as a director of Dynegy since 2012.

17. The defendants identified in paragraphs 10 through 16 are collectively referred to herein as the "Individual Defendants."

18. Defendant Vistra Energy is a Delaware corporation and maintains its principal executive offices at 6555 Sierra Drive, Irving, Texas 75039. Vistra Energy's common stock is traded on the NYSE under the ticker symbol "VST." Vistra Energy is a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

19. Plaintiff brings this action as a class action on behalf of herself and the other public stockholders of Dynegy (the "Class"). Excluded from the Class are defendants herein and

3

any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

20. This action is properly maintainable as a class action.

21. The Class is so numerous that joinder of all members is impracticable. As of October 26, 2017, there were approximately 131,378,019 shares of Dynegy common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

22. Questions of law and fact are common to the Class, including, among others: (i) whether defendants violated the 1934 Act; and (ii) whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

23. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

24. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

25. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on

behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

26. Dynegy began operations in 1984 and incorporated in Delaware in 2007. The Company is a holding company that conducts substantially all of its business operations through its subsidiaries. Dynegy's primary business is the production and sale of electric energy, capacity, and ancillary services from its fleet of 50 power plants in 12 states totaling approximately 31,000 megawatts of generating capacity

27. The Company sells electric energy, capacity, and ancillary services primarily on a wholesale basis from its power generation facilities. It also serves residential, municipal, commercial, and industrial customers primarily through its Homefield Energy and Dynegy Energy Services retail businesses, through which the Company provides retail electricity to approximately 963,000 residential customers and approximately 42,000 commercial, industrial, and municipal customers in Illinois, Ohio, and Pennsylvania.

28. Dynegy does business with a wide range of customers, including integrated utilities, municipalities, electric cooperatives, transmission and distribution utilities, power marketers, financial participants such as banks and hedge funds, and residential, commercial, and industrial end-users. Some of the Company's customers, such as municipalities or integrated utilities, purchase Dynegy's products for resale to serve their retail, commercial, and industrial customers. Other customers, such as some power marketers, may buy from the Company to serve their own wholesale or retail customers or as a hedge against power sales they have made.

29. On October 29, 2017, the Individual Defendants caused the Company to enter into the Merger Agreement, pursuant to which the Company will be acquired by Vistra Energy.

30. Pursuant to the terms of the Merger Agreement, shareholders of Dynegy will receive 0.652 shares of Vistra Energy common stock for each share of Dynegy stock they own.

*The Registration Statement Omits Material Information, Rendering It False and Misleading*

31. Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

32. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading.

33. First, the Registration Statement omits material information regarding Dynegy's financial projections, Vistra Energy's financial projections, and the valuation analyses performed by the Company's financial advisors in connection with the Proposed Transaction, Morgan Stanley & Co. LLC ("Morgan Stanley") and PJT Partners LP ("PJT Partners") (collectively, the "Financial Advisors").

34. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion. Moreover, when a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

35. Although the Registration Statement provides stockholders with certain financial projections of Dynegy and Vistra Energy that were provided by Dynegy management, it fails to disclose certain material projections that were relied upon by the Financial Advisors in performing their valuation analyses. For example, the Registration Statement indicates that the

6

Financial Advisors used different sets of "unlevered free cash flow" projections to perform their respective Discounted Cash Flow Analyses of Dynegy and Vistra Energy, but defendants failed to disclose these projections or their line items in the Registration Statement. Specifically, aside from using unlevered free cash flow projections that have different definitions than the unlevered free cash flow projections disclosed in the Registration Statement, the Registration Statement expressly states that the unlevered free cash flow projections used by the Financial Advisors in their respective Discounted Cash Flow Analyses differ from the "Dynegy Management Projections" in that they exclude the impact of Dynegy's net operating losses ("NOLs"). Neither the unlevered free cash flow projections (or its line items), nor the NOL projections that were actually used by the Financial Advisors in their valuation analyses are disclosed in the Registration Statement.

36. The Registration Statement similarly fails to disclose certain financial projections of Dynegy and Vistra Energy, including projections of unlevered free cash flows and NOLs by year, that were used by Vistra's Energy's financial advisor, Citigroup Global Markets Inc. ("Citi"), in its valuation analyses.

37. Further, with respect to the financial projections of Dynegy and Vistra Energy that were provided by management of each company, the Registration Statement discloses certain projections for non-GAAP (generally accepted accounting principles) metrics, including EBITDA, Adjusted EBITDA, Unlevered Free Cash Flow, and Adjusted Free Cash Flow, but it fails to reconcile the non-GAAP projections to the most comparable GAAP measures.

38. To avoid misleading stockholders with non-GAAP financial measures in business combinations such as the Proposed Transaction, publicly traded companies must provide a reconciliation of the differences between the non-GAAP financial measures with the most

7

comparable financial measures calculated and presented in accordance with GAAP. Indeed, defendants acknowledge in the Registration Statement that: "Non-GAAP financial measures should not be considered in isolation from, or as a substitute for, or superior to, financial information presented in compliance with GAAP. Non-GAAP financial measures used by Dynegy may not be comparable to similarly titled amounts used by other companies." Defendants claim in the Registration Statement that "quantitative reconciliation of the forward-looking non-GAAP financial measures omits a reconciliation of Net Income to EBITDA because Dynegy would not be able to provide such reconciliation without unreasonable efforts," but Dynegy regularly reconciles its non-GAAP financial measures for GAAP measures in its quarterly financial reports, as required by law. As such, stockholders are entitled to a reconciliation of the non-GAAP projections to the most comparable GAAP measures.

39. With respect to the Financial Advisors' respective Discounted Cash Flow Analyses of Dynegy and Vistra Energy, the Registration Statement fails to disclose: (i) the unlevered free cash flow projections of Dynegy and Vistra Energy used by the Financial Advisors, and their respective line items; (ii) the actual terminal year EBITDA projections of Dynegy and Vistra Energy used by each of the Financial Advisors in their respective analyses; (iii) the actual inputs and assumptions underlying the discount rate ranges used by each of the Financial Advisors; (iv) the projected NOLs of Dynegy and the projected tax benefits to Vistra Energy from the Tax Receivable Agreement ("TRA") used by each of the Financial Advisors, and the actual inputs and assumptions underlying the discount rates applied to the NOLs and the TRA-related tax benefits; and (v) the perpetuity growth rates implied from each of the analyses.

40. The Registration Statement fails to disclose material information relating to the Financial Advisors' Comparable Companies Analyses. For example, with respect to Morgan

8

Stanley's Comparable Companies Analysis for each of Dynegy and Vistra Energy, the Registration Statement fails to disclose the individual multiples and financial metrics for the Calpine Corporation and NRG Energy, Inc. companies observed by Morgan Stanley in its analyses. With respect to PJT's Selected Comparable Company Analysis of Dynegy, the Registration Statement fails to disclose the separate range of implied prices per Dynegy share that resulted from performing the analysis with each of the Dynegy Market Case Projections and the Dynegy Market + Earnings & Cost Improvement Case Projections.

41. The Registration Statement also fails to disclose material information relating to the Financial Advisors' Precedent Transactions Analyses. Specifically, with respect to Morgan Stanley's Precedent Transactions Analysis, the Registration Statement fails to disclose the individual multiples and financial metrics for each of the transactions observed by Morgan Stanley in its analyses. With respect to PJT's Selected Precedent Transaction Analysis, the Registration Statement fails to disclose (i) the individual multiples and financial metrics for each of the transactions observed by PJT; and (ii) the separate range of implied prices per Dynegy share that resulted from performing the analysis with each of the Dynegy Market Case Projections and the Dynegy Market + Earnings & Cost Improvement Case Projections.

42. The omission of this material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement: (i) Opinions of Dynegy's Financial Advisors; (ii) Certain Unaudited Prospective Financial Information Prepared by Vistra Energy; and (iii) Certain Unaudited Prospective Financial Information Prepared by Dynegy.

43. Second, the Registration Statement omits material information regarding potential conflicts of interest of Company management, including whether there have been any

discussions with representatives of Vistra Energy regarding post-merger employment of Dynegy's executive officers and, if so, the substance and timing of the conversations.

44. Communications regarding continued employment during the negotiation of the underlying Proposed Transaction must be disclosed to stockholders. This information is necessary for stockholders to understand potential conflicts of interest of management and the Board, as that information provides illumination concerning motivations that would prevent fiduciaries from acting solely in the best interests of the Company's stockholders.

45. The omission of this material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement: (i) Background of the Merger; and (ii) Interests of Dynegy's Directors and Executive Officers in the Merger.

46. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to Dynegy's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Dynegy

47. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

48. The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Dynegy is liable as the issuer of these statements.

49. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual

Case 4:18-cv-00027   Document 1   Filed on 01/04/18 in TXSD   Page 11 of 13

Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

50. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

51. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

52. The Registration Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

53. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

54. Because of the false and misleading statements in the Registration Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and Vistra Energy

55. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

56. The Individual Defendants and Vistra Energy acted as controlling persons of Dynegy within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of Dynegy and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and

11

control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

57. Each of the Individual Defendants and Vistra Energy was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

58. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly in the making of the Registration Statement.

59. Vistra Energy also had direct supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

60. By virtue of the foregoing, the Individual Defendants and Vistra Energy violated Section 20(a) of the 1934 Act.

61. As set forth above, the Individual Defendants and Vistra Energy had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury on all issues so triable.

Dated: January 4, 2018                    **KENDALL LAW GROUP, PLLC**

By: */s/ Joe Kendall*

**OF COUNSEL:**                            Joe Kendall (Texas Bar No. 11260700)
                                          jkendall@kendalllawgroup.com
**RIGRODSKY & LONG, P.A.**                 Jamie J. McKey (Texas Bar No. 24045262)
300 Delaware Avenue, Suite 1220           jmckey@kendalllawgroup.com
Wilmington, DE 19801                      3232 McKinney Avenue, Suite 700
Telephone: (302) 295-5310                 Dallas, TX 75204
Facsimile: (302) 654-7530                 Telephone: (214) 744-3000
                                          Facsimile: (214) 744-3015

*Attorneys for Plaintiff*